OCTAVIUS JORDAN,

                Plaintiff,

v.                                                   Case No. 19-cv-1314-pp

WARDEN SCOTT ECKSTEIN, *et al.*,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 38), GRANTING PLAINTIFF'S MOTION TO INCLUDE EVIDENCE (DKT. NO. 40), DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 43), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINE (DKT. NO. 43) AND GRANTING PLAINTIFF ADDITIONAL TIME TO FILE A DISPOSITIVE MOTION**

      Plaintiff Octavius Jordan, who is confined at the Fox Lake Correctional Institution, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The court screened the complaint and allowed him to proceed on Eighth Amendment deliberate indifference to mental health claims based on two separate incidents: (1) that defendants Harris-Forbes, Cummings, Kind, Schueler, Eckstein, DeGroot, Davidson, O'Donnell, Litscher, Jess, Greer and John or Jane Doe BHS Psychology Director allegedly refused to provide the plaintiff with mental health services by moving him out of the dorm; and (2) that defendants Wickman and Kind allegedly punished the plaintiff for his mental breakdown by issuing him a false charge and keeping him in TLU for twelve days after the plaintiff's suicide attempt. Dkt. No. 10 at 15-16. On April 27, 2021, the court granted the defendants' motion for partial summary

1

judgment on exhaustion grounds and dismissed the plaintiff's second set of allegations for failure to exhaust administrative remedies. Dkt. No. 26. Since then, the plaintiff has filed a motion to appoint counsel, a motion to include evidence, and a motion to compel and to stay discovery and dispositive motion deadlines. Dkt. Nos. 38, 40, 43.

**A.     Motions to Appoint Counsel and Include Evidence (Dkt. Nos. 38, 40)**

In support of his request that the court appoint counsel, the plaintiff states that his imprisonment will greatly limit his ability to litigate and that he has limited law library access and legal knowledge. Dkt. No. 38 at 1. He asserts that the issues in the case are complex and will require much research and investigation. Id. The plaintiff also states that his mental health conditions— which include schizophrenia, depression and post-traumatic stress disorder— impair his ability to think and concentrate on normal daily activities. Id. The plaintiff asserts that the defendants intend to depose him by videoconference, and he believes it would be unfair if he does not have a lawyer when defendants' counsel deposes him. Id. at 2. The plaintiff also filed a motion to include as evidence the letter he wrote to lawyers asking for representation and responses from several lawyers. Dkt. Nos. 40, 40-1.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too

2

many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chicago Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. The plaintiff has made a reasonable attempt to find a lawyer, thus meeting the first prong. Dkt. Nos. 40, 40-1.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel."

Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The same day the plaintiff filed his motion to appoint counsel, he filed a copy of his first set of discovery requests to the defendants. Dkt. No. 39. This eight-page document includes a definitions section, an instructions section, interrogatories and requests for production of documents. Because he already has made written discovery demands without the assistance of a lawyer, it appears that the plaintiff seeks counsel only for representation at his deposition. The court does not believe that this is necessary. The plaintiff's complaint and subsequent filings show that he has very good knowledge of the facts relating to his claim and a good understanding of his claim, as well the ability to advocate for himself. The plaintiff has the facts he needs to be able to answer the questions asked of him at the deposition. If he believes that a

question is inappropriate, he may state his objection for the record (although he still must answer the question) and it will be preserved. If the plaintiff needs more time to prepare for the deposition or for any other part of the litigation—due to his confinement or any other reasons—he may request an extension from the court (as he previously had done in this case). But the pleadings he has filed to date show that despite his mental conditions, the plaintiff is able to litigate on his own during this pretrial stage of the case and is able to answer the defendants' questions at his deposition. The court will deny without prejudice the plaintiff's motion to appoint counsel.

**B.      Motions to Compel and to Stay Deadlines (Dkt. No. 43)**

On October 18, 2021, the court received from the plaintiff a motion for an order compelling the defendants to provide him with his First Set of Discovery Requests; he says he mailed these requests to the defendants in early August 2021. Dkt. No. 43. The plaintiff also asks that the court stay the discovery and dispositive motion deadlines until at least sixty days after the plaintiff receives the requested discovery from the defendants. Id. at 1. The defendants filed a response which shows that they timely responded to the plaintiff's discovery request. Dkt. No. 44. Specifically, the defendants state that they received the plaintiff's discovery requests on August 20, 2021 and that they mailed their discovery responses to the plaintiff on October 18, 2021.[1] Id. at 1; Dkt. No. 45.

---

[1] The court's Scheduling Order extended the parties' time to respond to discovery requests from thirty days to sixty days. Dkt. No. 18 at 1-2.

5

Because the defendants have timely responded to the plaintiff's discovery requests, the court will deny as moot his motion to compel and his motion to stay case deadlines. Because the deadline for filing dispositive motions has passed, however, the court will give the plaintiff additional time to file a motion for summary judgment.

**C. Conclusion**

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 38.

The court **GRANTS** the plaintiff's motion to include evidence. Dkt. No. 40.

The court **DENIES AS MOOT** the plaintiff's motion to compel. Dkt. No. 43.

The court **DENIES AS MOOT** the plaintiff's motion to stay discovery and dispositive motion deadlines. Dkt. No. 43.

The court **ORDERS** that the deadline for the plaintiff for file a dispositive motion is **EXTENDED** until the end of the day on **January 14, 2022**.

Dated in Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**