UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIUS JORDAN,

        Plaintiff,

v.                                  Case No. 19-cv-1314-pp

WARDEN SCOTT ECKSTEIN, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND STAY DISCOVERY AND DISPOSITIVE MOTION DEADLINES (DKT. NO. 61), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 64) AND DENYING AS MOOT PLAINTIFF'S MOTION TO POSTPONE COURT PROCEEDINGS (DKT. NO. 65)**

Octavius Jordan, who is confined at the Fox Lake Correctional Institution, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The plaintiff is proceeding on an Eighth Amendment deliberate indifference to mental health claim based on allegations that the defendants refused to provide him with mental health services by moving him out of a dorm when he was confined at the Green Bay Correctional Institution. Dkt. No. 10 at 15-16.[1] On November 24, 2021, the defendants filed a motion for summary judgment. Dkt. No. 48. The court extended to January 14, 2022 the deadline for the plaintiff to respond to the defendants' motion. Dkt. No. 60. The plaintiff

---

[1] On April 27, 2021, the court granted the defendants' motion for partial summary judgment on exhaustion grounds and dismissed the plaintiff's other claim, which was based on allegations that defendants Wickman and Kind had punished the plaintiff for his mental breakdown by issuing him a false charge and keeping him in TLU for twelve days after the plaintiff's suicide attempt. Dkt. No. 26; Dkt. No. 10 at 15-16.

1

subsequently filed a motion to compel and stay discovery and dispositive motion deadline (dkt. no. 61), a motion for extension of time (dkt. no. 64) and a motion to postpone all court proceedings (dkt. no. 65).

I.  **Plaintiff's Second Motion to Compel, Motion to Stay Discovery and Dispositive Motion Deadlines (Dkt. No. 61)**

The plaintiff moves the court to compel the defendants to supply him with the correct answer to his first interrogatory. Dkt. No. 61 at 1. The plaintiff states that the defendants played word games with his request and gave him the name of an outside hospital in response to his discovery request. Id. According to the plaintiff, he wants the name of the company or corporation that employs the mental health staff that work at Green Bay. Id. He also asks the court to stay his deadline to respond to the defendants' summary judgment motion until the defendants provide him with this information. Id.

The defendants contend that the court should deny the plaintiff's motion because they reasonably objected to, and responded to, the interrogatory. Dkt. No. 62 at 1. They state that the plaintiff did not mention mental health care in the original interrogatory and that if the plaintiff wanted to know information regarding mental healthcare providers at the institution, he should have said so in a timely-served discovery request. Id. at 2. The defendants also state that it is unclear how the requested information is relevant to this case because the plaintiff does not allege that any company providing mental health treatment, or any non-institution healthcare professional, played any role in his mental health treatment or the decision of where to house the plaintiff. Id.

Interrogatory 1 states:

2

> 1. Identify the Name and Contact information, including the address and telephone number, for the company or corporation that provides health care to the inmates at Green Bay Corr. Institution.
>
> **RESPONSE:** Counsel for Defendants OBJECTS to this interrogatory on the grounds it is vague as to what type of health care provider Plaintiff is referring to. For example, does he mean emergency care or specialty care? Subject to and without waiving said objection, Green Bay Correctional Institution uses St. Vincent Hospital, 835 S. Van Buren Street in Green Bay for emergency care typically, but uses many local providers for specialty care.

Dkt. No. 63-1 at 1.

The defendants' primary objection to responding to plaintiff's now-clarified discovery request is that it is untimely. Given the plaintiff's unrepresented status, however, the court will allow his discovery request, as clarified, and will require the defendants to respond to that request. The plaintiff clarifies that he asks for "the name and last known contact information for the company or corporation that employ[]s the mental health staff at Green Bay Corr. Institution." Dkt. No. 61 at 2.

Although he titles the second part of his motion as a motion to "stay discovery and dispositive motion deadlines," the text of the motion actually asks the court to "stay the time that he has to respond to the defendants Motion for Summary Judgment" until he receives the information he is seeking from the plaintiffs. Id. at 1. The court construes this request as a motion for an extension of time to respond to the defendants' summary judgment motion, and will grant it and set a new deadline below.

3

Case 2:19-cv-01314-PP   Filed 02/07/22   Page 3 of 6   Document 66

## II. Plaintiff's Motion for Extension of Time (Dkt. No. 64)

On January 7, 2022, the court received from the plaintiff a motion for an extension of time to file his response to the defendants' motion for summary judgment. Dkt. No. 64. He sought an extension of forty-five days. Id. at 2. According to the plaintiff, he could not go to the library to prepare his response because his unit was on quarantine from December 7, 2021 until January 3, 2022. Id. at 1.

The court will grant the plaintiff's motion and give him an additional forty-five days from the date of this order to file his response. If the plaintiff's institution is still on lockdown such that he cannot go to the law library, the plaintiff may file a motion for more time.

## III. Plaintiff's Motion to Postpone All Court Proceedings (Dkt. No. 65)

On January 27, 2022, the court received from the plaintiff a motion to postpone all court proceedings. Dkt. No. 65. He states that while his unit just recently came off a quarantine, his institution has gone back on lockdown due to a surge in COVID infections. Id. The plaintiff states that all inmate movements in the institution have been suspended, including trips to the law library. Id. He asks that the court postpone all court proceedings until his institution is up and running again. Id.

The court is granting the plaintiff's motions for an extension of time to respond to the defendants' summary judgment motion; it will deny as moot his motion to postpone all court proceedings.

### IV. Defendant John or Jane Doe, BHS Psychology Director

When it screened the complaint, this defendant—"John or Jane Doe, BHS Psychology Director"—was among the defendants against whom the court allowed the plaintiff to proceed and upon whom it ordered service of the complaint. Dkt. No. 10 at 16. On December 2, 2020, the Wisconsin Department of Justice filed a list of defendants for whom they accepted service; the list indicated that the AG's office was *not* accepting service for this defendant. Dkt. No. 15. When the court realized in December 2020 that the Attorney General's Office had not accepted service for this defendant, the court should have issued a summons for John or Jane Doe BHS Psychology Director. Rather than issuing a summons now, the court will give defense counsel a second opportunity to appear for this defendant and file an answer. If counsel still declines to appear for this defendant, the court will issue a summons.

### V. Conclusion

The court **GRANTS** the plaintiff's motion to compel. Dkt. No. 61. The defendants must respond to the plaintiff's clarified discovery request by the end of the day on **February 28, 2022**.

The court **CONSTRUES** the plaintiff's motion to stay discovery and dispositive motion deadlines as a motion for extension of time and **GRANTS** the motion. Dkt. No. 61.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 64. The court **ORDERS** that the time for the plaintiff to file his response materials to the defendants' motion for summary judgment is **EXTENDED** until

5

the end of the day on **March 25, 2022**. The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment in time for the court to *receive* the response materials by the end of the day on March 25, 2022. If the court does not receive the plaintiff's response materials by the end of the day on March 25, 2022, the court will deem the motion unopposed and decide it without input from the plaintiff.

The court **DENIES AS MOOT** the plaintiff's motion to postpone court proceedings. Dkt. No. 65.

The court **ORDERS** that defense counsel must notify the court by the end of the day on **February 18, 2022** whether the Department of Justice will accept service and file a responsive pleading for defendant John or Jane Doe, BHS Psychology Director.

Dated in Milwaukee, Wisconsin this 7th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**