UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIUS JORDAN,

                Plaintiff,

v.                                                   Case No. 19-cv-1314-pp

WARDEN SCOTT ECKSTEIN, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND TO MAKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT MOOT AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO REPLY (DKT. NO. 75)**

Octavius Jordan, who is confined at Fox Lake Correctional Institution, filed this civil rights case under 42 U.S.C. §1983. Dkt. No. 1. The plaintiff is proceeding on an Eighth Amendment deliberate indifference to mental health claim based on allegations that the defendants refused to provide him with mental health services by moving him out of a dorm when he was confined at Green Bay Correctional Institution.[1] Dkt. No. 10 at 15-16. The plaintiff has filed a motion for leave to amend the complaint and to deny as moot the defendants' motion for summary judgment due to his amended complaint; in the alternative, he asks for an extension of time to respond to the defendants'

---

[1] On April 27, 2021, the court granted the defendants' motion for partial summary judgment on exhaustion grounds and dismissed the plaintiff's other claim, which was based on allegations that defendants Wickman and Kind had punished the plaintiff for his mental breakdown by issuing him a false charge and keeping him in temporary lock-up status for twelve days after his suicide attempt. Dkt. No. 26; Dkt. No. 10 at 15-16.

1

motion for summary judgment. Dkt. No. 75. The defendants did not respond to the plaintiff's motion.

The plaintiff states that "due to additional information obtained thru discovery he wishes to add additional defendants to his complaint." Dkt. No. 75 at 1. The plaintiff states that his proposed amended complaint adds Sergeant Rose, who was considered second in charge of moving incarcerated persons in or out of the dorm at Green Bay; Barbara Waedekin, Diane Pivonka and Jeffery Anders, three psychiatrists who treated the plaintiff; Dr. Kevin Kallas, the mental health director; Lori Adams, Green Bay's "PSU supervisor"; James Greer, the director of health services; and LocumTenens.com and Array, the two companies that employed the psychiatrists. Id. The plaintiff states that the proposed amended complaint also adds a claim that defendants Jess, Litscher and Larson, along with proposed new defendants Kallas, Anders, Adams, Greer, LocumTenens.com and Array, conspired to "not properly treat [his] mental health issues." Id. The plaintiff states that in his proposed amended complaint he alleges that Jess issued a memo instructing the other defendants to lie about the plaintiff's mental health status. Id. He says that the proposed amended complaint also adds a claim that in addition to psychological harm, he suffered physical harm due to the exacerbation of his stomach condition. Id. at 1-2.

Courts should freely give leave to amend "when justice so requires." See Federal Rule of Civil Procedure 15(a)(2). The decision as to whether to allow the amendment is within the discretion of the district court. Foman v. Davis, 371

U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Id. at 182; see also White v. Woods., No. 21-2291, 2022 WL 4299337, at *6 (7th Cir Sept. 19, 2022) ("[D]istrict courts 'may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith.'").

The plaintiff does not explain why he waited so long to seek leave to amend the complaint. The latest deadline for the completion of discovery expired on May 13, 2022.[2] The defendants filed their motion for summary judgment a month later, on June 13, 3022. Dkt. No. 71. The next day, the court ordered the plaintiff to file his response to the defendants' motion for summary judgment by the end of the day on July 13, 2022 and warned that his failure file his response by that deadline would result in the court considering the motion unopposed, without input the plaintiff. Dkt. No 74. On July 12, 2022, instead of the plaintiff's response, the court received the instant motion to amend and deny as moot the defendants' motion or summary judgment, or for extension of time to file his summary judgment response.

---

[2] This deadline applied only to Dr. Marlena Larson, a previous Doe defendant whom the defendants identified in February 2022. Dkt. No. 69. The discovery deadline for the other defendants expired October 22, 2021. Dkt. No. 36. On February 7, 2022, the court granted the plaintiff's motion to compel and ordered that by February 28, 2022, the defendants must respond to the plaintiff's clarified discovery request for the name of the company that employs Green Bay's mental health staff. Dkt. No. 66.

3

Allowing the plaintiff to add new defendants and claims at this late stage in the case would be prejudicial to the defendants because they already have filed a partial motion for summary judgment on exhaustion grounds (which the court granted on April 27, 2021), engaged in discovery and filed a motion for summary judgment on merits. See White, 2022 WL 4299337, at *6. Adding additional defendants and claims would require more discovery and would likely result in the court having to deny as moot the defendants' merits-based motion for summary judgment.

> Undue delay and prejudice, together, may be sufficient reasons for denying an amendment. *See Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019) (citation omitted) ("Delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason … is prejudice to the non-moving party."); *see also id.* (upholding district court decision denying leave to amend when plaintiffs failed to sufficiently explain why they sought leave more than four months after they learned of additional facts to support their claims, the parties had briefed summary judgment motions, and trial was approaching within three months).

White, 2022 WL 4299337, at *6.

It appears that the plaintiff wants to add new defendants mostly so that he can allege that they conspired to not adequately treat his mental health issues. He says that Jess's 2015 memo directed these defendants to lie about his mental health status. But the proposed amended complaint (Dkt. No. 75-1) does not state a claim for conspiracy. Even if it did, it would be futile for the court to allow the plaintiff to proceed on such a claim.

To plead a plausible conspiracy, the plaintiff must allege facts showing an agreement among the defendants to inflict constitutional harm. See, *e.g.*,

4

Ryan v. Mary Immaculate Queen Center, 188 F.3d 857, 860 (7th Cir. 1999) "Such allegations usually take one of two forms: (1) direct allegations of an agreement, like an admission by a defendant that the parties conspired; or (2) more often, circumstantial allegations of an agreement, which are claimed facts that collectively give rise to a plausible inference that an agreement existed." Alarm Detection Sys., Inc. v. Vill. of Schaumburg, 930 F.3d 812, 827 (7th Cir. 2019). The plaintiff's allegations regarding Jess's July 2015 memo do not support a plausible inference that the defendants conspired to violate the plaintiff's constitutional rights between December 2017 and May 2018 by not moving him out of the dorm. See Dkt. No. 75-1 at 11. It would be futile to allow the plaintiff to amend his complaint add a conspiracy claim.

The proposed amended complaint also reiterates all the allegations from the original complaint, including allegations related to a prison job that the court dismissed at screening (Dkt. No. 10 at 15) and allegations that Wickman and Kind punished the plaintiff for his mental breakdown by issuing a false charge and keeping him in TLU for twelve days after his suicide attempt, a claim that the court dismissed when it granted the defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 26).

The plaintiff has not provided an explanation for the long delay in filing his motion to for leave to amend, and allowing him to amend at this late date would prejudice the defendants. The plaintiff primarily wants to add a conspiracy claim and the proposed amended complaint does not state such a claim. The court will deny the plaintiff's motion to amend, and will deny as

5

Case 2:19-cv-01314-PP   Filed 10/04/22   Page 5 of 6   Document 76

moot his motion to deny the defendants' motion for summary judgment. The court will give the plaintiff more chance to respond to the defendants' motion for summary judgment.

The court **DENIES** the plaintiff's motion to amend. Dkt. No. 75.

The court **DENIES** the plaintiff's motion to make the defendants' motion for summary judgment moot. Dkt. No. 75.

The court **GRANTS** the plaintiff's motion for extension of time. Dkt. No. 75. The court **ORDERS** that the plaintiff must file his response to the defendants' motion for summary judgment in time for the court to *receive* it by the end of the day on **November 4, 2022**. If, by the end of the day on November 4, 2022, the court has not received either the plaintiff's response to the defendants' motion for summary judgment or an explanation for why he cannot timely file a response, the court will treat the defendants' motion as unopposed and will decide it without input from the plaintiff.

Dated in Milwaukee, Wisconsin this 4th day of October, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**