UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIUS JORDAN,

                    Plaintiff,

v.                                      Case No. 19-cv-1314-pp
                                         Appeal No. 23-2908

WARDEN SCOTT ECKSTEIN, *et al.*,

                    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO PAY FULL FILING FEE FROM RELEASE ACCOUNT (DKT. NO. 113) AND ORDERING PLAINTIFF TO FILE SIX-MONTH TRUST ACCOUNT STATEMENT**

      The plaintiff, who is representing himself, is incarcerated at Fox Lake Correctional Institution. On September 15, 2023, the court granted the defendants' motion for summary judgment and dismissed the case. Dkt. No. 109. The court entered judgment on the same day. Dkt. No. 110. On October 3, 2023, the plaintiff filed a notice of appeal (Dkt. No. 111), a motion for leave to appeal without prepaying the appeal filing fee (Dkt. No. 114) and a motion to pay the full filing fee from his release account (Dkt. No. 113). This order denies the plaintiff's motion to pay the appellate filing fee from his release account and requires him to file a certified copy of his trust account statement for the six months preceding the filing of his notice of appeal (April 2023 through September 2023).

      In support of his motion to pay the full appeal filing fee from his release account, the plaintiff states that his release account balance is $1,275.93 and

1

that he will be able to replace these funds because he has over eleven years remaining on his sentence. Dkt. No. 113. The plaintiff requests that the "repayment of the filing fee back to his release account only come out of moneys earned from jobs in the Dept. of Corrs. and not money that he receives from family and friends." Id. He also states that due to medical issues, he currently does not have a job but that he plans to get one as soon as he has his spinal surgery and recuperates. Id.

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint and his notice of appeal. That law requires the court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). The term "prisoner's account" encompasses an incarcerated individual's release account and general account. Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "'Release account' means an account established for an inmate in which a percentage of the inmate's income is deposited, in accordance with s. DOC 309.466 so that the inmate has sufficient funds when released from the institution to purchase release clothing, out-of-state transportation, and other items and services needed on release." Wis. Admin. Code §DOC 309.02(18). Given the purpose of the release account, federal courts do not focus on that account as the source of funds to satisfy filing fee payment requirements. Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

District courts generally do not allow a plaintiff to deplete the monies in his release account by paying the full filing fee or appeal fee from that account.

2

Typically, incarcerated plaintiffs file a motion to proceed without prepaying the filing fee instead of paying the full filing fee or appeal fee. The court then assesses an initial partial filing fee. If a plaintiff lacks sufficient funds in his or her general account to pay the initial partial filing fee or initial partial appellate fee, district courts do allow for payment of the *initial fee* out of the release account, and then the plaintiff pays the balance remaining over time from his or her general account.

The plaintiff already has filed a motion to proceed without prepaying the appeal fee. Dkt. No. 114. The statute requires the court to assess an initial partial filing fee based on the plaintiff's six-month trust account statement and, once the initial fee has been paid, the plaintiff must pay the rest of the fee in compliance with the statutory formula. 28 U.S.C. §1915(a)(2), (b)(1). Because the plaintiff has filed a motion to proceed without prepaying the appellate filing fee and because of the court's practice of not allowing plaintiffs to deplete funds from their release account to pay the full filing fee, the court will deny the plaintiff's motion to pay the full appellate fee from his release account.

The law requires an incarcerated individual seeking to appeal a judgment in a civil case without prepaying the appeal fee to file a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the notice of appeal. 28 U.S.C. §1915(a)(2). Once the court receives the plaintiff's trust account statement, the court will assess an initial partial filing fee, which the plaintiff may pay out of his release account if he lacks sufficient funds in his general account to pay it.

3

The court **DENIES** the plaintiff's motion to pay full filing fee from release account. Dkt. No. 113.

The court **ORDERS** that by the end of the day on **November 3, 2023**, the plaintiff must file a certified copy of his trust account statement for the six months preceding the filing of his notice of appeal (April 2023 through September 2023). This means that the plaintiff must file the trust account statement in time for the court to *receive it* by the end of the day on **November 3, 2023**.

Dated in Milwaukee, Wisconsin this 12th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**